UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PEARL ADAMS, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-17-3354 |
| § | |
| UNIVERSAL FIDELITY, LP, § | |
| § | |
| *Defendant*. § | |

## ORDER

Pending before the court is a motion to dismiss filed by defendant Universal Fidelity, LP ("Universal"). Dkt. 11. Plaintiff Pearl Adams responded. Dkt. 14. Universal replied. Dkt. 18. Having considered the motion, response, reply, and applicable law, the court is of the opinion that the motion should be GRANTED.[1]

### I. BACKGROUND

This is a Fair Debt Collections Practices Act ("FDCPA") case. Dkt. 1 at 1. Adams incurred a consumer debt after purchasing a "Boop Film Bag." *Id.* at 2. Universal is a debt collector. *Id.* at 1–2. On or around November 7, 2016, Universal sent an initial written communication (the "Letter") to Adams. *Id.* at 2. In the Letter, Universal sought to collect the alleged debt from Adams. *Id.* Adams alleges that the Letter violated the FDCPA because it "fails to effectively convey the name of the current creditor to whom the debt is owed as required by [15 U.S.C.] § 1692g(a)(2)." *Id.* Adams alleges she was damaged as a result of the statutory violation. *Id.* In the instant motion, Universal moves to dismiss Adams's claims. Dkt. 11.

---

[1]Because the court grants Universal's motion to dismiss, Universal's request for a hearing is DENIED AS MOOT.

## II. LEGAL ANALYSIS

Rule 8(a)(2) requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party against whom claims are asserted may move to dismiss those claims when the nonmovant has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). While the allegations need not be overly detailed, a plaintiff's pleading must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *NuVasive, Inc. v. Renaissance Surgical Ctr.*, 853 F. Supp. 2d 654, 658 (S.D. Tex. 2012).

## III. ANALYSIS

Universal moves to dismiss Adams's claims because (1) she lacks standing and (2) she fails to state a claim because the Letter does not violate the FDCPA. Dkt. 11-1. The court will consider each argument in turn.

### A.    Standing

To have standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* Article III standing "requires a concrete injury even in the context of a statutory violation." *Id.* at 1549. It is insufficient to "allege a bare procedural violation, divorced from any concrete harm." *Id.* Universal argues that Adams cannot allege any concrete injury from the alleged violation of the FDCPA. Dkt. 11-1 at 7.

An FDCPA violation constitutes a sufficiently concrete injury if the violation creates a "risk of real harm." *Sayles v. Advanced Recovery Sys., Inc.*, 865 F.3d 246, 250 (5th Cir. 2017). In *Sayles*, the court found standing because the violation "exposed Sayles to a real risk of financial harm" by inaccurately lowering his credit score. *Id.* Adams fails to plead any similar facts to support standing here. She pleads that "[i]t is deceptive to fail to state the name of the creditor on any collection letter sent to a consumer because the consumer is entitled to know to whom the Alleged Debt is owed in order to ascertain whether [the consumer owes] the Alleged Debt." Dkt. 1 at 2. Even so, Adams admits in her complaint that she knows how she incurred the alleged debt. *Id.* ("[T]he debt was incurred for the purchase of a 'Boop Film Bag' which Plaintiff uses for personal wear and is thus a consumer debt under the FDCPA."). Adams cannot logically maintain that she was prevented from

3

knowing the source of the debt while also pleading that she knows the source of the debt. The alleged statutory violation, without any risk of harm, is therefore insufficient to establish standing. *See Sayles*, 865 F.3d at 250.

**B.     The Letter**

Even if Adams did have standing, the court agrees with Universal that the Letter does not violate the FDCPA's disclosure requirements.[2] Adams alleges that the Letter fails to convey the name of the creditor to whom the debt is owed. Dkt. 1 at 2. However, the Letter conveys the name of the creditor, The Bradford Exchange, on multiple occasions.[3] Dkt. 11-2.

The FDCPA requires debt collectors to disclose the name of the creditor to whom the debt is owed. 15 U.S.C. § 1692g(a)(2). The statute "implies that the required disclosures be set forth in a form and within a context that does not distort or obfuscate its meaning." *Peter v. GC Servs. L.P.*, 310 F.3d 344, 348 (5th Cir. 2002). Debt collectors may not use "any false, deceptive, or misleading representation or means in connection with the collection of any debt." § 1692e. The court must "evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard" and "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004).

---

[2] Adams also seems to agree, at least applying Fifth Circuit precedent. Dkt. 14 at 10 ("Ms. Adams recognizes that there exists negative Fifth Circuit case law which Defendant cites to in its brief in support of its Motion to Dismiss. However, Ms. Adams urges this Court to adopt the Second Circuit's position on this issue.").

[3] Though not attached to the complaint, the court may rely on "documents incorporated into the complaint by reference" in ruling on a Rule 12(b)(6) motion. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). The entire basis of Adams's complaint is the Letter, and thus the court may consider it.

However, the court should not "consider the debtor as tied to the 'very last rung on the [intelligence or] sophistication ladder.'" *Id.* (citation omitted).

Here, Adams fails to make a plausible claim that the Letter distorts or otherwise misrepresents the creditor's identity. The Letter contains "Re: The Bradford Exchange" in three places, under the headings "Account Summary," "Customer Information," and "Consumer Information." Dkt. 11-2. The Letter also indicates that Universal is a collection agency working on behalf of The Bradford Exchange. *Id.* ("Universal Fidelity LP, a national collection agency, has been asked by The Bradford Exchange, to contact you regarding your account."). Finally, the Letter explicitly states that Adams's payment should be "made payable to The Bradford Exchange" and mailed to "BRADFORD EXCHANGE ONLINE." *Id.* Taking the letter as a whole, even the least sophisticated consumer would understand that The Bradford Exchange was the creditor to whom payment must be made. *See Peter*, 310 F.3d at 349 (holding that a debt collection letter was not misleading under the unsophisticated or least sophisticated consumer standard when the letter was read as a whole). Adams fails to make a plausible argument to the contrary.

### IV. CONCLUSION

Universal's motion to dismiss (Dkt. 11) is GRANTED. Universal's request for a hearing is DENIED AS MOOT. Adams's claims are DISMISSED WITH PREJUDICE. The court will enter a final judgment consistent with this order.

Signed at Houston, Texas on August 23, 2018.

_____
Gray H. Miller
United States District Judge